**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

ELEANOR CATHERINE DOAR, )
)
         Plaintiff, )
)
vs. ) Case No. CIV-09-280-M
)
THE UNITED STATES OF AMERICA, )
)
         Defendant. )

## **ORDER**

This case is scheduled for trial on the Court's February 2010 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed December 18, 2009. On January 11, 2010, plaintiff filed her response. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

On September 7, 2006, plaintiff, a private contractor, fell on or near a ramp inside a building at the Federal Aviation Administration ("FAA") while attempting to secure an access badge to enter the facility. Specifically, plaintiff has testified that after she had signed in, she backed up at the end of the counter to get out of the way of the other people there and when she stepped back she went off the edge of the ramp and fell on her back. On March 13, 2009, plaintiff filed the instant negligence action against defendant. Defendant now moves for summary judgment.[1]

---

[1] In its motion, defendant moves for summary judgment on any design defect claim plaintiff may be asserting. In her response, plaintiff states that she is not alleging a design defect claim. Additionally, defendant moves for summary judgment on any claim of lost wages. In her response, plaintiff states that she has not made a claim for lost wages. Accordingly, the Court finds no need to address these issues.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

   A.    Alleged factual inaccuracies

Defendant contends that the factual allegations set forth in plaintiff's Complaint regarding the type of ramp and its alleged dangerous condition as it relates to her fall are inaccurate and that, therefore, defendant is entitled to judgment on the pleadings pursuant to Federal Rule of Civil

Procedure 12(c).[2] Specifically, plaintiff has referred to the ramp in her Complaint as a loading ramp rather than a handicapped ramp and has referred to the ramp in her Complaint as an unsecured ramp rather than an unsafe ramp. The Court finds that these alleged "inaccuracies" regarding the type of ramp and its condition are not significant enough to warrant judgment being granted in favor of defendant.

B.  Merits of negligence claim

To establish her negligence claim, plaintiff must prove: (1) a duty owed by defendant to plaintiff to use ordinary care; (2) a breach of that duty; and (3) an injury proximately caused by defendant's breach of duty. *Phelps v. Hotel Mgmt, Inc.*, 925 P.2d 891, 893 (Okla. 1996). Defendant asserts that it owed no duty to plaintiff.

> [A] landowner owes to an invitee . . . a duty to protect him from conditions which are in the nature of hidden dangers, traps, snares and the like. A hidden danger within this rule of liability need not be totally or partially obscured from vision or withdrawn from sight; the phrase is used to describe a condition presenting a deceptively innocent appearance of safety "which cloaks a reality of danger". Furthermore, failure to remove known but obvious hazards by alteration or reconstruction of the premises is not a breach of the landowner's duty even to an invitee. Whether harm from an open and obvious defect is actionable depends on an objective standard of due care - i.e., whether under similar or like circumstances an ordinary prudent person would have been able to see the defect in time to avoid being injured.

*Pickens v. Tulsa Metro. Ministry*, 951 P.2d 1079, 1084 (Okla. 1997) (internal citations omitted).

---

[2] Federal Rule of Civil Procedure 12(d), however, provides that if on a motion under Rule 12(c) matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Because defendant has presented and relies on matters outside the pleadings, the Court finds that this portion of defendant's motion should be treated as a motion for summary judgment.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff, the Court finds that there is a genuine issue of material fact as to whether defendant owed a duty to plaintiff to use ordinary care. Specifically, the Court finds that plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether the ramp in question was a hidden danger, snare, or trap. Plaintiff has presented evidence showing that the ramp's drop off was somewhat camouflaged by the end of the countertop and that while the ramp is clearly visible, the danger of the ramp from the drop off is hidden. Further, the Court finds that plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether defendant knew about any prior accidents or incidents at that location which might have led it to believe the area was dangerous. Plaintiff has presented evidence that defendant's security personnel had reported that several people had twisted ankles from unknowingly stepping off the side of the ramp and that an elderly woman had fallen because of the ramp's condition. Finally, the Court finds plaintiff has presented sufficient evidence to create a genuine issue of fact as to whether the inherent danger of the ramp was open and obvious, specifically whether under similar or like circumstances an ordinary prudent person would have been able to see the defect in time to avoid being injured.

The Court, therefore, finds that defendant should not be granted summary judgment.

IV. Conclusion

For the reasons set forth above, the Court DENIES defendant's Motion for Summary Judgment [docket no. 17].

**IT IS SO ORDERED this 27th day of January, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

4